LORENZO M. MANIBUSAN and
LOURDES MANIBUSAN, Plaintiffs

v.

GUAM MEMORIAL HOSPITAL, Defendant

Superior Court of Guam
Civil Case No. 285-78
November 2, 1978

- - - - -

- - - - -

ABBATE, Judge

## DECISION

This matter comes before the Court on Plaintiffs' motion for reconsideration filed July 14, 1978. Defendant Guam Memorial Hospital, (GMH), filed its motion for summary judgment on May 26, 1978 asserting the applicability of the Government Claims Act (GC Sections 6500 et seq.) to suits against GMH. That motion was granted by an order filed July 13, 1978 which stated that "plaintiff failed to comply with the Government Claims Act. . . . The Court finds that the intent of the Legislature was to include Guam Memorial Hospital within the statutory scheme of that act."

Because of the possible wide ranging ramifications of the decision in this case the Court agreed to reconsider its prior decision on the basis of new evidence of the legislative intent.

Initially, it should be noted that the Court has considered the transcript of proceedings before the Legislature on May 11, 1977 dealing with Bill No. 182 which eventually became P.L. 14-29. The admission has been upheld against best evidence rule challenges. See <u>People</u> v. <u>Ketchel</u>, 59 Cal.2d 503 (1963). The affidavit of Ruth Ann Carter established the accuracy of the transcription.

The transcript indicated that originally §49003(g) describing powers of Guam Memorial Hospital Authority read:

(g) Sue or be sued in its own corporate name subject to the limitations and provisions of [the Government Claims Act.]

The discussion of May 11, 1977 dealt with the propriety of deleting any reference to the Government Claims Act. The transcript indicated that the language was deleted with full understanding that thereafter claims against GMH would not be paid through the Government Claims Fund but through GMH's own funds.

Plaintiffs rely upon the transcript to bolster their original claim that the language of Government Code §49003(g), as it passed into law, did not cloak the Guam Memorial Hospital with the protection of the Government Claims Act.

Defendant maintains that this interpretation is in direct conflict with other provisions of the Government Code.

"§6500.13. Limitation on Tort Liability

(a) Government Health Professionals means any person who is licensed or certified to practice a 'healing art' in Guam and is practicing that art within a Government of Guam facility as an agent of the Government of Guam.

(b) The Government of Guam shall be liable in tort for damages arising from the negligent acts of Government Health Professionals performed within Government of Guam facilities as an agent of the Government of Guam at the request of the government. Government Health Professionals shall be considered as an agent of the Government of Guam within the meaning of §6500.20 of the Government Code.

(c) For all claims, the Government of Guam shall not be liable for more than Thirty-Five Thousand Dollars ($35,000) in an action for wrongful death, nor for more than One Hundred Thousand Dollars ($100,000) in any other tort action.

(d) The Government of Guam shall not be liable for interest prior to the date of judgment, nor for punitive damages.

"§6500.19. Payment. The Director of Administration shall pay the amount allowed in approved settlement under §6500.10 or in a court judgment under §6500.11, except as otherwise expressly provided by law. All payments under this Act shall be made from the Government Claims Fund. Claims against the Commercial Port, and the Public Utility Agency, Guam Power Authority, Guam Economic Development Authority, Guam Telephone Authority, Guam International Airport Authority, Gaming Commission, Guam Transit Authority and Guam Memorial Hospital Authority, however, shall be paid only out of the funds of those agencies." (Emphasis added).

It should be noted that §6500.13 was repealed and reenacted by §8 of P.L. 13-116. Section 9 of that Act provided that the provisions of §8 would expire automatically one year from the effective date of that act, which was December 24, 1975. Section 6 of P.L. 14-29 repealed §9 of P.L. 13-116 after the expiration date. For this reason, plaintiffs maintain that §6500.13 is of no force and effect.

However, common law rules of interpretation state that the repeal of a repealing statute operates to revive the original enactment where the repeal of the repealing statute is accomplished by express provision without additional legislation on the subject matter. 1A Sutherland on Statutory Construction, §23.31 (3rd Ed.). It is the opinion of this Court that §6500.13 was revived by §6 of P.L. 14-29. It is worthy of note that in addition to the provisions dealing with health professionals, §6500.13 includes the limitations on liability which are an essential part of the Government Claims Act.

Defendant argues that it is impossible to reconcile plaintiff's position with the language of §6500.19 which mentions "claims against" GMH. Defendant argues that the correct interpretation of the various provisions is that the Claims Act procedures are applicable while in the event of liability, GMH funds, rather than Government Claims Fund, will be drawn against. However, it must be remembered that at the time of the May 11, 1977 deletion §6500.19 was already in effect. That section expressly states that the Government Claims Fund will not be used to pay for claims against GMH. Therefore, the deletion of reference to the Claims Act would have been meaningless unless, as plaintiff argues, it eliminated any need to resort to the procedures of the Claims Act when suit is filed against GMH.

70

Such a result is not in conflict with §6500.13. The provisions can be reconciled by a holding which makes Claims Act procedures applicable to suits against individual Government Health Professionals and inapplicable to suits against GMH itself.

Although the issue is not squarely before the Court at this time, it will be noted that "claims against" GMH in §6500.19 may in fact mean suits against Health Professionals employed by GMH.

It is the holding of this Court that Government Claims Act procedures are not applicable to suits against Guam Memorial Hospital.

For the foregoing reasons, on reconsideration, defendant's motion for summary judgment is DENIED.

SO ORDERED.